BERGEN v. THE STEAM-TUG JOSEPH STICKNEY, ETC.

*(District Court, S. D. New York. March 15, 1880.)*

COLLISION—EVIDENCE—BURDEN OF PROOF.—"In the case of injury from a collision the burden of proof is upon the libellant to show, by a fair preponderance of the evidence, that the collision happened, and that it was the cause of the injury."

In Admiralty.

*J. A. Hyland,* for libellant.

*E. D. McCarthy,* for claimant.

CHOATE, J. This is a libel for damages alleged to have been caused by a collision between the steam-tug Joseph Stickney and the libellant's canal boat, Ida, on the twentieth day of May, 1879. The Ida was taken in tow on the nineteenth of May, having on board a cargo of coal, at South Amboy,

and, with several other boats, brought to a place in the East river called the Sea Fence, where it was usual to stop with tows preparatory to distributing the boats according to their several destinations. The libel charges that while the Ida was lying moored by the sea fence, the tug, in taking up other boats for distribution, and having on her port side two boats, ran against the Ida; that the outside boat on the port hand of the tug struck the Ida on her port quarter about six or eight feet from the stern with great force, causing the injuries alleged to have been sustained. To maintain his case the libellant himself and his son, about 12 years old, testified. The libellant swore that the boats came together with so great force as to split a thick and heavy fender; that no apparent damage was done to the side of his boat, and that he did not know at the time that any damage was done, but the tug with the boats in tow continued to press and crowd the Ida forward so that she was pushed forward six or eight feet and her bowline parted. He says that he did not discover the damage done till his little boy opened one of the hatches and told him that the water was running in. He was then going below for his pipe, and he went and looked and saw that she was sinking; that he then called out to the captain of the tug that he was sinking.

On the part of the tug the pilot was examined. He admits that in getting other boats along-side the tug for the purpose of taking them away he lay close to the Ida, but he denies having hit her, or crowded her against the pier. Another witness called on the part of the tug stood on the pier and saw the whole performance. He saw no collision, nor any crowding of the Ida forward. The boy testified to his father's putting in the fender between the Ida and the other boat. He also testified to the other boat striking the Ida, but says nothing of the nature or force of the blow, or of its splitting the fender, or of the crowding of the boat forward, or parting the bowline. The supposed injury to the boat was the squeezing of her sides together so as to burst off two planks on the stern, and otherwise to strain her so as to make her leak

v.1,no.8—40

badly and sink in 10 or 15 minutes. It is a fact that she sunk soon after the libellant discovered that the water was running in. It was shown that she was 12 or 13 years old and very weak—so much so that the libellant yielded to the advice given him by the pilot of the tug not to have her towed to her destination at the foot of Fifty-third street, East river, on the inside of two other loaded boats, lest she should not bear the pressure, although the day was fair and the water smooth. The libellant had at first insisted on being taken away with these other boats, and had been put along-side the tug, and inside of two boats, where it was proper to put her, because she was the last boat to be delivered; but upon the remonstrance of the pilot that she could not stand the voyage, she had, with the consent of the libellant, been put back again along-side the pier shortly before the alleged collision.

The burden of proof is upon the libellant to show by a fair preponderance of the evidence that the collision happened and that it was the cause of the injury. I do not think the evidence is sufficient. He is himself the only witness to the collision, except his young son, who really corroborates his story very slightly as to there being a collision, and by his not confirming his father's account upon several other points he really weakens the force of the libellant's whole testimony. It is also hardly credible that, if there was so serious a blow and pressure as he testifies to, and particularly if it burst out the stern, he should not have noticed the effect of it at once.

The proved condition of the boat was such that her springing a sudden leak and sinking from the effect of ordinary usage and without apparent cause would have been nothing surprising, and the slight jarring caused by moving her about and putting her back to the pier is quite as likely to have caused the leak as any effect which resulted from what is proved to have been done by the tug and tow after she was put back along-side the pier.

While the libellant is made by the law a competent witness, he is an interested party, and as his story is not corroborated, and is in itself scarcely credible, and is contradicted by two

witnesses, I should not be justified in receiving it as sufficient proof of the fact charged.

The fact of collision is not made out, nor is it shown that the sinking was caused by anything done by the tug after the Ida was put back along-side of the pier.

Libel dismissed, with costs.